Katheriene E. HARRIS et al.

v.

DUMONT CO., INC., et al.

Civ. A. No. 73-794.

United States District Court,
E. D. Pennsylvania.

Nov. 13, 1973.

Christian C. Day, Morgan, Lewis & Bockius, Philadelphia, Pa., for plaintiffs.

Sigmund H. Steinberg, Carl T. Bogus, Steinberg, Greenstein, Richman & Price, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Presently before the Court is plaintiffs' motion for declaration of the above captioned case as a class action pursuant to Local Rule 36. The present case was instituted pursuant to 42 U.S.C. § 1982 and we have jurisdiction under 28 U.S.C. § 1343(4).

Plaintiff Katheriene E. Harris is a member of the Negro race who was allegedly denied the opportunity to lease an apartment located at 931 Clinton Street, which apartment was owned, managed or controlled by the defendant Jules Goldberg, because she is a Negro. Plaintiff Simone Manca is a member of the Caucasian race who resides at 931 Clinton Street and who was allegedly threatened with eviction by defendant Goldberg because she permitted plaintiff Harris to stay with her at 931 Clinton Street while plaintiff Harris was searching for an apartment to rent in October, 1972.

Each plaintiff alleges that the conduct on the part of the defendants herein violates Section 1982, Title 42 U.S.C., in violation of their civil rights. Specifically, plaintiff Harris alleges that as a result of defendants' discriminatory conduct, she was unable to obtain the apartment at 931 Clinton Street and was forced to rent a considerably less desirable apartment at 310 South Ninth Street. Plaintiff Manca alleges that as a consequence of the actions of defendant Goldberg and the defendant corporations which threatened the eviction, plaintiff Manca has suffered shame, humiliation, fear of immediate eviction, and continues to be unable to use her apartment in a non-discriminatory manner. Plaintiff Manca further contends that as a result of defendants' continued efforts to enforce racial discrimination with respect to the apartment building in which she is presently living, she has been denied the benefits of living in integrated housing. Plaintiffs further allege that there is evidence that defendants have engaged in conduct which constitutes a pattern of racial discrimination with respect to ten or twelve apartment buildings owned and operated by defendants in the Philadelphia metropolitan area.

The Urban League of Philadelphia is also a party plaintiff. The League is attempting to represent all residents regardless of race, in the Philadelphia metropolitan area who may apply for apartments in buildings owned, rented, managed or controlled by defendants and who wish to reside in integrated housing.

Without engaging in any undue elaboration, we are satisfied at this time that this suit should go forward as a class action under Rule 23(b)(2). However, plaintiffs have asked that the two classes which they represent be defined as follows:

(1) With respect to plaintiff Harris, she is attempting to represent all Negroes in the Philadelphia metropolitan area who have in the past or may desire in the future to rent apartments in buildings owned, rented, managed or controlled by defendants.

(2) Plaintiff Manca states that she represents all members of the Caucasian race who reside in buildings owned, rented, managed or controlled by defendants and who wish to live in integrated housing.

Defendants disagree with the definitions of both of these sub-classes as set forth above. With respect to plaintiff Harris, defendants contend that we should define the class which she represents as all those Negroes who have applied for and have been denied apartments in defendants' buildings because of their race. We feel that we cannot define the class which plaintiff Harris represents in such a way as to include those blacks who "may desire in the future to rent apartments" in defendants' buildings because we cannot determine whether or not those individuals presently exist by any objective criteria. Consequently, it follows that there is no representative party presently available to represent the interests of the class of individuals, who may come into existence some time in the future.

With respect to plaintiff Manca, defendants contend that the sub-class should be limited to Caucasians residing

in defendants' buildings who have wrongfully been denied an opportunity to live in integrated housing as a result of racial discrimination on the part of the named defendants. Again we agree with defendants. The sub-class as defined by plaintiffs is too vague because we cannot objectively determine which Caucasians presently living in defendants' buildings "wish to live in integrated housing." Plaintiff Manca may represent those persons living in defendants' buildings who have been threatened with eviction or who have been wrongfully denied an opportunity to live in integrated housing by the defendants as a result of racial discrimination.

█ As we noted earlier, the Urban League of Philadelphia is a named plaintiff in this case and seeks to represent all residents, regardless of race in the Philadelphia metropolitan area who may apply for apartments in buildings owned, rented, managed or controlled by defendants and who wish to reside in integrated housing. However, plaintiff does not aver that any of the League's members have been directly affected in any way by the alleged discrimination on the part of defendants. Further, plaintiffs have not alleged that the League itself has been the subject of discrimination by defendants. We do not doubt for one minute that the Urban League of Philadelphia has a record of great interest and involvement in the field of racial discrimination, but we are unable to point to any specific injury suffered by the League at the hands of the defendants. We are of the opinion that the League does not have standing in its own right to sue defendants on the basis of Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972) and therefore, we will grant defendants' motion to strike the Urban League of Philadelphia as a party to the action.

█ Finally, defendants argue that plaintiffs have failed to identify a sufficient number of individuals of both classes to pass the numerosity test of Rule 23(a)(1). At this stage of the proceedings, we believe that plaintiffs have satisfied the numerosity requirement of Rule 23(b)(1). Some modification may be appropriate upon the completion of discovery, and we do not foreclose such modification by our present determination. As Professor Moore points out when dealing with racial discrimination, generally, the fact that the case proceeds as a class action or not may be academic where equitable relief is deemed appropriate. See Moore's Federal Practice, ¶ 23.10–1, p. 23–2768, n. 13.

█ Therefore, this action is a proper class action under Rule 23(b)(2) in that plaintiffs are seeking injunctive relief in terms generally applicable to the respective sub-classes. The claims for past money damages set forth in the complaint by the individual plaintiffs Harris and Manca are proper class claims under Rule 23(b)(3). As we stated in Williams v. Local No. 19, Sheet Metal Workers International Association, 59 F.R.D. 49 (E.D.Pa.1973): "the initial issue central to both kinds of class claims is the existence of a broad policy of discrimination. . . ." Here the initial and primary issue central to both class claims is whether or not defendants have violated § 1982, Title 42 U.S.C. If such is found to be the case, equitable relief will be forthcoming, and the issue of money damages will be determined after the initial § 1982 violations, if any, are established. Likewise, we will dispense with notice to the class until the § 1982 issues are resolved. See Moore's Federal Practice, ¶ 23.50.

### ORDER

And now, to wit, this 13th day of November, 1973, it is hereby Ordered that the above captioned case is declared to be a proper class action under Federal Rule of Civil Procedure 23(b)(2).

"all those Negroes who have applied for and have been denied apartments

in defendants' buildings since April 6, 1971, because of racial discrimination."

The class represented by plaintiff Manca is defined as:

"all those Caucasians presently living in defendants' buildings since April 6, 1971, who wrongfully have been denied by defendants an opportunity to live in integrated housing as a result of racial discrimination."

It is further Ordered that notice to the class shall be dispensed with pending an adjudication on the question of liability.

It is further Ordered that defendants' motion to strike the plaintiff Urban League of Philadelphia is hereby granted.

It is so ordered.